The order below is hereby signed.

Signed: July 13 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LLOYD GERARD ALLEN, | ) | Case No. 18-00366 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

## MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN

The debtor has filed a motion to reopen his case, and to waive the related filing fee. *See* Dkt. No. 23. The debtor claims that his case was dismissed because he failed to make "the trustee's [appointment]," which presumably refers to the § 341 meeting of creditors that was supposed to take place on June 18, 2018. The debtor also states that he has all of the necessary documents ready but was unable to file them earlier due to the dismissal of his case.

The debtor's above-captioned bankruptcy case was dismissed on June 7, 2018, for the debtor's failure to comply with the court's order to file a mailing matrix or show cause why the case ought not be dismissed. *See* Dkt. No. 11. The debtor filed a motion to reconsider the dismissal of his case on the very next day, before the court order dismissing his case had even been

mailed to him.  *See* Dkt. Nos. 12, 14.  He claimed therein that he had encountered difficulty in determining the identity of his mortgagee but had figured out the mortgagee and had filed the matrix.  Indeed, the debtor filed his mailing matrix (Dkt. No. 13) on the same day.

On June 14, 2018, the court entered a *Memorandum Decision and Order Denying Motion to Reconsider Dismissal of Case* (Dkt. No. 15).  The court noted that the debtor had commenced three bankruptcy cases in less than three months and had been notified multiple times of his duty to file a mailing matrix in order to avoid dismissal of a bankruptcy case; the most recent case preceding the above-captioned case was dismissed on March 27, 2018, for the debtor's failure to file a mailing matrix, and, though the case preceding that one was dismissed on other grounds, the court had noted that the debtor's failure to comply with a court order directing him to file a mailing matrix was one of the reasons the court had denied the debtor's motion to reconsider the dismissal of that case.  The court found that the debtor had failed to comply with a court order to file the mailing matrix even though he was well aware of his duty to do so and, based on his history of bankruptcy filings and his continued failure to comply with court orders, it was very likely that the debtor could not comply with the rigorous procedural requirements involved in maintaining a bankruptcy case.

The court also acknowledged the debtor's continued failure to file other required documents that had been due on June 7, 2018, including schedules, a statement of financial affairs, and a Chapter 13 plan, despite the court's reminder of the deadline via court order.  In his motion to reconsider the dismissal of his case, the debtor had claimed to have all of the required documents but had only filed the mailing matrix.  The court noted that the chapter 13 trustee would not be able to hold an meaningful meeting of creditors on June 18, 2018, without any of those documents having been filed.

Thus, the court denied the debtor's motion to reconsider the dismissal of his case.  The *Memorandum Decision and Order Denying Motion to Reconsider Dismissal of Case* (Dkt. No. 15) was mailed to the debtor on June 16, 2018.  The meeting of creditors did not take place.  The Chapter 13 trustee filed a *Final Report and Account* (Dkt. No. 17) on June 22, 2018, and the debtor's bankruptcy case was closed on June 29, 2018.  On July 2, 2018, the debtor filed the present motion to reopen his case.  *See* Dkt. No. 23.  He also filed a number of the documents that were due on June 7, 2018.  *See* Dkt. Nos. 18-22.

The debtor's *LBR 1007-5 Declaration of Debtor Regarding Payment Advices* (Dkt. No. 18) has no attached payment advices or evidence of payment received from any employer, and has no marking indicating he did not receive any payment advices.  It

3

only contained his name, signature, contact information. The debtor's Statement of Financial Affairs (Dkt. No. 19) claimed $1,800 of earned income in 2018 to date. The Chapter 13 Plan (Dkt. No. 20) is also dated July 2, 2018, and is insufficiently completed. The Statement of Current Monthly Income and Calculation of the Commitment Period (Dkt. No. 21) is internally inconsistent and inconsistent with other filings, including the Statement of Financial Affairs. The debtor has not completed all of his Schedules; most notably, he has left his Schedule I (related to income) entirely blank and has omitted the second page of Schedule J (related to expenses), including a blank white page in its place. The debtor's signatures on all of the documents are dated July 2, 2018, the date he filed them with the currently pending motion to reopen his case.

The court does not find credible the debtor's assertions that he had the documents ready to file prior to the dismissal of his case, when they were due on June 7, 2018, when he moved for reconsideration of the dismissal of his case, or when the case was closed. The court also does not find credible the debtor's assertion in his motion to reopen (Dkt. No. 23) that he "was not allowed to submit [the documents] because of the case being dismissed." The court receives and enters documents filed with the court regardless of whether the related case has dismissed, as evidenced by the court's acceptance of all of the debtor's

filings despite the closing of his case days earlier.  Moreover, he failed to file the documents in time for the scheduled meeting of creditors and the documents he has now filed, nearly 40 days after commencement of his case, are insufficiently completed. The court ought not allow the debtor to reopen his case when, as the court stated in its denial of the debtor's motion to reconsider the dismissal of his case, "the debtor has repeatedly, in this case and the two most recent prior cases, failed to take the steps required for a case to proceed in an orderly fashion . . . ."  Dkt. No. 15, at 3.  The debtor having failed to show cause to reopen his case and having failed to demonstrate any justification for waiving his fee for filing the motion, it is

    ORDERED that the debtor's motion to reopen his bankruptcy case (Dkt. No. 23) and the request therein for waiver of the related filing fee are DENIED.

                                            [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.